IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES H. ROGERS,<br>      Plaintiff<br><br>  vs.<br><br>MHU STAFF; CORRECTIONAL<br>OFFICERS; SCI WESTERN PEN PGH,<br>      Defendants | Civil Action No. 10-27E<br>Judge Gary L. Lancaster/<br>Chief U.S. Magistrate Judge Amy Reynolds Hay |

## REPORT AND RECOMMENDATION

Recommendation

  It is recommended that, pursuant to the court's inherent power and/or Rule 41(b), the complaint be dismissed for failure to prosecute this action for failure to obey a court order.

Report

  Because James H. Rogers ("Plaintiff") has been given adequate opportunity to comply with the Court's order of April 9, 2010, to send the Court a certified copy of his trust account statement or proper affidavit of non-compliance and because he has failed to do so, the complaint should be dismissed for failure to prosecute.

  **Relevant Procedural History**

  Plaintiff is incarcerated at SCI-Albion and has brought this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against the defendants he identifies as the Mental Health Unit Staff, Correctional Officers and SCI-Pittsburgh. He contends that these individuals at SCI-Pittsburgh, in 2003, prior to its closing and subsequent reopening, hooked Plaintiff up to a

machine which penetrated his brain so that they could torture him.  Dkt. [1-2] at 2 - 3.[1]  On February, 2, 2010, Plaintiff filed his IFP application in order to proceed with this case.  Dkt. [1]. That motion for IFP was deficient in that it was accompanied neither by a certified copy of the trust fund account statement nor an affidavit of non-compliance.  Consequently, the Court ordered Plaintiff to rectify this deficiency by April 20, 2010.  Dkt. [2].   As of the date of this Report, Plaintiff has failed to comply with the Court's order to rectify this deficiency, a deficiency that prevents this Court from granting his IFP application and hence, prevents the complaint from even being filed and prevents the case from moving forward.

**Discussion**

As the Court of Appeals for the First Circuit has observed:

"A district court has broad authority to ... dismiss a case for failure to obey ... orders," *Robson v. Hallenbeck*, 81 F.3d 1, 2 (1st Cir. 1996). One source of such authority is Fed.R.Civ.P. 41(b). On the other hand, "the rules of civil procedure do not completely describe and limit the power of district courts." *Brockton Sav. Bank v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 11 (1st Cir. 1985). Indeed, "[i]t has long been understood that certain implied powers must necessarily result to our Courts of justice from the nature of their institution, powers which cannot be dispensed with in a Court, because they are necessary to the exercise of all others." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (citations omitted). Those inherent powers to sanction parties for litigation abuses include the power to "act sua sponte to dismiss a suit for failure to prosecute," *id.* at 44 (*citing Link*, 370 U.S. at 630-31), and to enter default judgment, *see Brockton Sav. Bank*, 771 F.2d at 12.

John's Insulation, Inc. v. L. Addison and Associates, Inc., 156 F.3d 101, 108 (1st Cir. 1998).  See also Drummer v. Luttrell, 75 F.Supp.2d 796, 806 (W.D. Tenn. 1999)("Nothing in amended 28

---

[1]  We note that Plaintiff has previously filed a very similar prisoner rights action.  Rogers v. R.J., *et al.*, No. Civ.A. 08-67 (W.D. Pa.).  That case was dismissed pre-service pursuant to the screening provisions of the PLRA for failure to state a claim and/or as frivolous.  Id., (Dkt. [2], Report filed 1/28/08 and Dkt. [3] order adopting Report).

U.S.C. § 1915(g) restricts this [court's inherent] authority" to impose sanctions), *aff'd*, 234 F.3d 1268 (6th Cir. 2000)(Table).

In addition to the inherent power of the court, Rule 41(b) of the Federal Rules of Civil Procedure provides yet another source of authority to dismiss cases for failure to obey court orders. Rule 41(b) addresses involuntary dismissals and provides in relevant part that a court may dismiss an action

> [f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

A court's decision to dismiss for failure to prosecute is committed to the court's sound discretion. See Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 230 (3d Cir. 1998)("We review for abuse of discretion a district court's dismissal for failure to prosecute pursuant to Rule 41(b).") *abrogated on other grounds by*, Winkelman ex rel. Winkelman v. Parma City School Dist., 550 U.S. 516 (2007). In exercising that discretion, a District Court should, to the extent applicable, consider the six factors known as the Poulis factors[2] when it levies the sanction of dismissal of an action for failure to obey discovery schedules, failure to prosecute, or to comply with other procedural rules. Harris v. City of Philadelphia, 47 F.3d 1311, 1330 n.18 (3d Cir. 1995). Those six Poulis factors are:

(1) the extent of the party's personal responsibility; (2) the prejudice to the

---

[2] See e.g., Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002)("In considering the second *Poulis* factor . . ."). Poulis refers to Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

3

adversary caused by the failure to meet scheduling orders and to respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id.  However, "*Poulis* did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation easily reviewed by" the Court of Appeals.  Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).  For the Court of Appeals has recognized that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint. *See C.T. Bedwell & Sons, Inc. v. Int'l. Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988).  Instead, the decision must be made in the context of the district court's extended contact with the litigant." Id.

In considering the Poulis factors, the first factor weighs particularly heavily against Plaintiff, given that he is pro se and has no one to blame but himself for his failure to respond to the Court's deficiency order and rectify the deficiency, which prevents the case from moving forward.  Plaintiff simply has offered no response.  He has not asked for an extension of time in which to comply with the deficiency order.  Nor has he complied with the deficiency order.  The court can only surmise that he has lost interest in prosecuting this case further.  As for the second Poulis factor, given the early stage of this case, it is impossible to assess any prejudice to the Defendants from Plaintiff's failure to prosecute.

The fifth Poulis factor weighs in favor of dismissal for failure to prosecute, given that absent compliance with the order, the case simply cannot proceed.  Given this, it is difficult to

see how any lesser sanction would serve the interests of justice or judicial economy.

Considering the remaining Poulis factors, it is apparent to this court, that Plaintiff's suit should be dismissed for failure to prosecute.  Accordingly, in the light of Plaintiff's failure to comply, and the resulting inability to move the case forward, the court recommends that the complaint be dismissed for failure to comply with the court's order and for failure to prosecute.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation, a copy of which docket entry is being mailed to Plaintiff along with the Report.  Failure to timely file objections may constitute a waiver of any appellate rights.  Any party opposing objections may file their response to the objections in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

/s/ *Amy Reynolds Hay*
Chief United States Magistrate Judge

Dated: 27 April, 2010

cc:   The Honorable Gary L. Lancaster
      Chief United States District Judge

      James H. Rogers
      FE-9381
      SCI Albion
      10745 Rt 18
      Albion, PA 16475