IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES H. ROGERS,  )
          Plaintiff  )
            )
vs.  ) Civil Action No. 10-27E
            ) Chief United States District Judge Gary Lancaster/
MHU STAFF; CORRECTIONAL  ) Chief U.S. Magistrate Judge Amy Reynolds Hay
OFFICERS; SCI WESTERN PEN PGH,  )
          Defendants  )

## ORDER

AND NOW, this 9th day of June, 2010, after the Plaintiff, James H. Rogers, filed an action in the above-captioned case, and after a Report and Recommendation was filed by the United States Magistrate Judge granting the parties until May 14, 2010, to file written objections thereto, and objections having been filed on the docket belatedly,[1] and the Court having entered a previous order noting that no objections had been filed, the Court hereby vacates the prior order, Dkt. [4], and now enters the present order.

The Report recommended dismissal due to the failure to provide the six month inmate trust account statement required for the IFP application. Plaintiff, in his objections, states, without any supporting documentation, that he attempted to acquire such but that the prison

---

[1] The Clerk's Office referred papers that had been timely sent into the Court by Plaintiff to a pro se law clerk for guidance on how the papers should be filed. Those papers were determined by the pro se law clerk to be in the nature of objections. This referral caused a delay in the formal filing on the docket of these objections. During this delay between the receipt of the papers by the Clerk's Office and the formal filing on the docket, the Court entered the order of dismissal. Pursuant to the prisoner mail box rule, the objections are deemed to have been timely filed with the date of signing being, May 11, 2010 and the post mark being May 11, 2010 as well.

officials at SCI-Albion (where Plaintiff is now housed)[2] failed to provide him such. In other cases such as this, the prisoner usually supplies a copy of a grievance or a copy of request to staff that documents the prisoner's request for the inmate trust account statement or a proper affidavit from the prisoner of the prison officials' non-compliance. Plaintiff herein has failed to do so. We note that it is a Plaintiff's burden to prove entitlement to IFP status,[3] and, hence, to assure all necessary paper work is provided, or to supply to the Court supporting evidence as to why such necessary paperwork cannot be provided. Instantly, Plaintiff has failed to supply any evidence, supporting his efforts to obtain the prisoner inmate trust account statement, as would be his burden.

Upon independent review of the record, and upon consideration of the Magistrate Judge's Report and Recommendation, and the objections, we hereby adopt the Report as the opinion of this Court, and therefore,

IT IS HEREBY ORDERED that the Complaint is dismissed for failure to prosecute this action for failure to obey a court order. Of course, this dismissal is without prejudice, to Plaintiff filing a new lawsuit at a new number and providing to the Court the necessary paperwork in order to be granted IFP status or the requisite documentary evidence as to why he cannot supply the necessary paperwork. However, Plaintiff is warned that his

---

[2] The Court notes that Plaintiff's complaints concern his conditions of confinement in the Mental Health Unit at SCI-Pittsburgh. This is not the first suit Plaintiff has brought concerning those alleged conditions. See Rogers v. R.J., No. 2:08-CV-67 (W.D. Pa. Dismissed pursuant to the PLRA on 3/7/08). More recently, Plaintiff has filed yet another suit concerning the alleged actions taken at SCI-Pittsburgh while Plaintiff was housed in the Mental Health Unit there. Rogers v. SCI PGH Western Penitentiary, No. 1:10-131 (W.D. Pa. Filed 5/25/10).

[3] See White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996); New Assessment Program v. PNC Corp., NO. CIV.A. 95-6059, 1995 WL 592588, at *1 (E.D. Pa. Oct. 3, 1995); In re Lassina, 261 B.R. 614, 618 (E.D. Pa. 2001)("The applicant bears the burden of proving her entitlement to IFP relief by a preponderance of the evidence.").

complaints clearly concern events that transpired in the year 2003[4] and that any lawsuit brought now would be most likely time barred as even the present case appears to be.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if the plaintiff desires to appeal from this Order he must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P.

GARY L. LANCASTER
United States District Judge

cc:  Honorable Amy Reynolds Hay
Chief United States Magistrate Judge

James H. Rogers
FE-9381
SCI Albion
10745 Rt 18
Albion, PA 16475

All Counsel of Record by electronic filing

---

[4] See Dkt. [1-2] at 1 referencing "these bad parties that worked at SCI-Pgh-Western Penitentiary MHU Unit tried to take my life twice when I went through there in Jan. Feb. March 2003 . . . ."